# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

SLWM LLC,                              )
                                       )
    Plaintiff,                     )
                                       )
v.                                     )        No. 4:26-CV-00044-DGK
                                       )
DANIEL CAHILL,                         )
                                       )
    Defendant.                     )

## ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

This lawsuit arises from Defendant Daniel Cahill's ("Cahill") thirty-seven-year employment with Plaintiff SLWM, LLC ("SLWM"), and its predecessor. SLWM is a Kansas City-based "technology-enabled" marketing company. Cahill is a Maryland resident who was a Senior Vice President and a member of its sales team when he resigned from SLWM on January 6, 2026, following several years of friction with SLWM management concerning increasingly restrictive employment agreements and decreasing sales commission rates. The same day Cahill resigned, he filed suit against SLWM in Maryland state court ("the Maryland Litigation") alleging SLWM made misrepresentations and omissions to him to induce him to sign his employment agreement, failed to pay him earned commissions, made unlawful deductions from his commissions, and manipulated calculations concerning his commissions.

In the months leading up to his resignation, Cahill forwarded over 200 emails from his work email to his personal email account. SLWM alleges these emails contain trade secrets and other confidential proprietary information. Cahill responds that two days after his resignation, at

his attorney's direction, an IT consultant forensically imaged and preserved his entire email account, then the emails at issue were deleted from his email account.[1]

Two other employees in Cahill's unit resigned on the same day he did, and four more left within a few days. On January 16, 2026, a major client with whom four of these employees worked terminated its contract with SLWM.

Now before the Court are SLWM's "Emergency Motion for a Preliminary Injunction," ECF No. 5, and SLWM's "Emergency Motion for Expedited Discovery," ECF No. 7. The former requests the Court bar "Defendant and any other person or entity participating with or acting for, on behalf of, or in concert with Defendant" from disclosing what it describes—very expansively—as trade secrets and confidential information, and from destroying or disposing of any such evidence in his possession. The latter seeks expedited discovery. Since Plaintiff has filed these motions and they have been pending, the Maryland Litigation has been ongoing, informing developments in this case.

For the following reasons, the motions are DENIED.

**Discussion**

**I.      The motion for a preliminary injunction is denied.**

In determining whether to grant a preliminary injunction the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; the factors must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles*

---

[1] Cahill's attorney also asserts that he informed Plaintiff's counsel of this before Plaintiff's counsel filed the pending motions.

*Development, LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). The Court bears in mind that, "[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Court holds that, on balance, these factors weigh against granting the injunction. First, Plaintiff has not established the threat of irreparable harm because it appears that any harm Plaintiff has suffered can be adequately compensated by money damages. And it is well-established that where harm can be remedied through damages, a preliminary injunction is not appropriate relief. *See CDI Energy Servs. v. W. River Pumps, Inc.*, 567 F.3d 398, 403 (8th Cir. 2009).

Second, the balance of harm does not favor Plaintiff. This factor "examines the harm of granting or denying the injunction upon both of the parties to the dispute and upon other interested parties, including the public." *Noodles Dev.*, 507 F. Supp. 2d at 1038. "To determine what must be weighed, . . . courts of this circuit have looked at the threat to each of the parties' rights that would result from granting or denying the injunction." *Id*. The "potential economic harm to the parties" is relevant consideration, as is "whether the defendant has already voluntarily taken remedial action." *Id*. Assuming the emails Cahill forwarded to himself contain confidential and proprietary information that he should not have taken, it appears Cahill has not retained this information, therefore denying the injunction will not marginally damage Plaintiff's rights or economic interests.

Third, the Court cannot say the likely-to-prevail-on-the-merits factor favors Plaintiff either. To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success are

*sufficiently likely* to support the kind of relief it requests. *See id.* at 1036–37 (emphasis added). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485. Here, while Plaintiff may well prevail on some of its claims, the Court cannot say this justifies the Court imposing the broad, expansive injunction on Cahill that Plaintiff seeks.

Fourth, the public interest factor favors neither party.

In view of the above factors, the motion for a preliminary injunction is DENIED.

## II. The motion for expedited discovery is denied.

Plaintiff moved for expedited discovery on the basis that Cahill had retained confidential and proprietary information. From the existing record, as best the Court can tell, it appears that to the extent Cahill ever retained any confidential or proprietary information, it has either been destroyed or delivered to his attorney for safekeeping. Consequently, the Court does not see good cause to grant the motion, and it is DENIED.

### Conclusion

For the reasons discussed above, the motions are DENIED.

**IT IS SO ORDERED.**

Date:  July 31, 2026              /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT